LOUIS N. MACKEY, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE TOWN OF BELVIDERE, IN THE COUNTY OF WARREN, RESPONDENT.

Argued April 16, 1925—Decided April 29, 1925.

An item of the appropriations in the budget of the town of Belvidere, to wit: "Preservation of life and property, $12,150," set aside because there was no compliance, either in or by the item itself or otherwise, with the requirements of our Budget act (*Pamph. L.* 1917, *p.* 548, and amendments), that the amount to be appropriated for each purpose for which the anticipated revenues are to be expended for local purposes shall be stated, the appropriations itemized, and the several items set forth accurately, according to the respective and particular objects, departments or subdepartments for which the respective amounts are to be expended.

---

On *certiorari*, &c.

Before Justice TRENCHARD, sitting alone, by consent.

For the prosecutor, *William H. Morrow.*

For the respondent, *John H. Dahlke.*

The opinion of the court was delivered by

TRENCHARD, J.    The prosecutor of this writ desired to challenge one item only of the appropriations in the budget of the town of Belvidere for the fiscal year 1925, and, accordingly, the writ was allowed, as expressly provided in the *allocatur,* "to be effective only as to second item of appropriations, to wit, 'preservation of life and property, $12,150.' "

That item is now challenged for the reason (among others) that it fails to meet the requirements of the law that the amount to be appropriated for each purpose shall be stated, the appropriations itemized, and the several items set forth accurately, according to the respective and particular objects, departments or subdepartments for which the respective amounts are to be expended.

I am constrained to think that the prosecutor's position is well taken.

The Budget act of 1917 (*Pamph. L., p.* 548), as amended in 1918 (*Pamph. L., p.* 912) and 1919 (*Pamph. L., p* 371), in its first section declares that "hereafter annually" there "shall be adopted" by the governing body of each municipality a "budget," as described in section 6 of the act.

Section 6, paragraph (b) under the head of "appropriations," requires that "the *several purposes* and the *amount* to be appropriated *for each purpose* for which the anticipated revenues are to be expended for local purposes" shall be stated in the budget.

Prior sections provide a method of ascertaining, approximately, the total revenues, and among such revenues is the amount to be raised by taxes. Every taxpayer in the municipality is therefore interested in the matter of the budget. He contributes a part of the money raised by the taxes, and, generally speaking, he has a right to know for what purposes the taxes paid are to be devoted.

The subsequent sections, to and including number 10, are devoted to the method of ascertaining the total revenues of the municipality for the year. Section 11 declares that "under the heading of 'appropriations' in the budget, as provided in section 6 of this act, there shall be set forth the appropriations, *itemized* according to the respective objects, departments or subdepartments for which they are to be expended, with the amount to be devoted to said object, department or subdepartment. The *several* items of appropriations shall be set forth *accurately* according to the *particular object,* department or subdepartment for which the *respective* amounts are to be expended." (There is an exception as to "contingent expenses" with which we are not now concerned.)

By section 12, paragraph (a), it is declared that "the purpose of the budget as set forth in this act is to *control* all expenditures for the year under budget appropriations" (excepting certain special or emergency matters with which we are not now concerned).

The act requires much publicity to be given of the items in the budget, and provides for a hearing and final action upon the budget. Indeed, the purpose of the Budget act was, not only to secure greater uniformity in municipal financing, but to give the members of the public a better understanding of the financial condition and affairs of municipalities in which they are interested, and to place at the disposal of the governing bodies the data necessary for intelligent action on financial matters, and thereby safeguard the public interests. *Chamber of Commerce* v. *Essex County,* 96 *N. J. L.* 238.

I turn now to a consideration of the appropriation item in question, namely, "preservation of life and property, $12,-150." Several questions naturally arise: How much of this money is to be expended for the preservation of life? How much of it is to be expended for the preservation of property? What are the methods for the preservation of either life or property to be made use of in disbursing this money? Is life to be preserved through the instrumentality of the

police department, or in some other way? Is property to be preserved through the instrumentality of the fire department or by some other means?

No light, not even the slightest, is thrown upon any one of these questions by the language of the item in question, nor by any other language of the budget, nor by anything in the proceedings returned with the writ. And I, therefore, think there was no compliance with the requirements of the law that the amount to be appropriated for each purpose for which the anticipated revenues are to be expended for local purposes shall be stated, the appropriations itemized, and the several items set forth accurately, according to the respective and particular objects, departments or subdepartments for which the respective amounts are to be expended. There being no compliance with these requirements of the law, the item in question will be set aside. *Royal Holding Co.* v. *City of Beverly,* 1 *N. J. Mis. R.* 453.